UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
            V.              )
                            )
DONALD OLIVER BROWNE,       )    CRIMINAL NO.03-10358-MEL
DAVID CARWYN CURTIS and     )
DAMIEN MARTIN MCCAFFERTY    )
                            )

JOINT SENTENCING MEMORANDUM

## I.    REQUEST TO WAIVE PRESENTENCE INVESTIGATION AND REPORT

The parties jointly request, pursuant to Fed. R. Crim. P.
32(b)(1), that the presentence investigations and reports in this
matter be waived, and the defendants be sentenced on the earliest
date convenient to the Court's schedule.  As grounds therefor,
the parties suggest that the information in the record before
this Court enables it to exercise its sentencing authority
meaningfully under 18 U.S.C. §3553.  In support of their joint
request, the parties provide the Court herein with a stipulation
of the offense conduct of each defendant supporting the three-
count Information to which each of the defendants is prepared to
plead.

Count I charges Defendant Donald Oliver Browne with use of a
fraudulent visa, and specifically that he made a false statement
on a Form I-94W, in violation of 18 U.S.C. § 1546(a).

Count II charges Defendant David Carwyn Curtis with use of a
fraudulent visa, and specifically that he made a false statement

-1-

on a Form I-94W, in violation of 18 U.S.C. § 1546(a).

Count III charges Defendant Damien Martin McCafferty with aiding and abetting the false statements made by Defendants Browne and Curtis, in violation of 18 U.S.C. §§ 1546(a) and 2.

The parties refer the Court to the Pretrial Services Reports, prepared by the Pretrial Services Office upon each defendant's initial appearance in this case. The parties also inform the Court that, should the Court accept the Defendants' pleas to the Information and thereafter sentence them, the likelihood of post-sentencing supervision of the defendants by the United States Probation Office is slight. Defendant Browne was refused entry into the United States at the border, and has a detainer lodged against him by the United States Immigration and Customs Enforcement as of November 13, 2003. Each of Defendants Curtis and McCafferty is illegally within the United States, and each has a detainer lodged against him by the United States Immigration and Customs Enforcement as of November 17, 2003.

Each defendant has an existing return-trip ticket. Officials of the Irish consulate have been working cooperatively with the government, including the Office of the United States Attorney and Immigration and Customs Enforcement, and with defendants' counsel. It is expected that each of the defendants will be deported shortly after his transfer from the custody of the Attorney General to the custody of Immigration and Customs

Enforcement.

## II. GOVERNMENT'S STATEMENT OF RELEVANT FACTS (STIPULATED)

Defendant Browne is a native and citizen of Ireland who was born in Derry, Northern Ireland on or about September 21, 1959. Defendant Curtis is a native and citizen of Ireland who was born in West Berlin, Federal Republic of Germany, on or about November 19, 1971. Defendant McCafferty is a native and citizen of Ireland who was born in Derry, Northern Ireland, on or about September 13, 1968.

On or about November 13, 2003, Defendants Browne, Curtis and McCafferty, along with two traveling companions, arrived at Logan International Airport in Boston, Massachusetts, aboard British Airways flight 215 from London, England. Defendants Browne and Curtis were traveling on airplane tickets in their true names. Defendant McCafferty's airplane ticket was issued under the alias name of "Dameon McCafferty."

Also on or about November 13, 2003, following their arrival at Logan International Airport, Defendants Browne, Curtis and McCafferty each applied for admission into the United States as visitors for pleasure under the Visa Waiver Pilot Program ("VWPP"), Section 217 of the Immigration and Nationality Act, as amended.

### A.   Browne's Arrest

Defendant Browne presented to Inspector Dana Jarabek of the

Bureau of Customs and Border Protection ("BCBP"), an Irish
passport (#T334124) bearing the name of Donald Oliver Browne, and
an I-94W Nonimmigrant Visa Waiver Arrival/Departure Form
(#01407345611) bearing the same name.

BCBP Inspector Jarabek entered Defendant Browne's
biographical information into the Interagency Border Inspection
System ("IBIS"), resulting in a positive match in the National
Automated Information Lookout System ("NAILS") under lookout
record #BRO092159000. The NAILS lookout identified Defendant
Browne as being Armed and Dangerous and directed the inquiring
inspector to immediately contact the National Targeting Unit.
Defendant Browne was referred to a secondary inspection for
further questioning and resolution of the NAILS lookout.

Also on November 13, 2003, BCBP Senior Inspector Robert
Minard was on duty at Logan International Airport and assigned to
secondary inspections.  Senior Inspector Minard examined the
documents presented by Defendant Browne and determined that the
Irish passport #T334124 appeared to be valid.  Senior Inspector
Minard also reviewed the biographical information provided on the
Form I-94W as well as the answered questions on the reverse of
this form.

Also on November 13, 2003, Senior Inspector Minard received
a facsimile transmission from the United States Department of
State, which contained unclassified information from the American

-4-

Consulate in Belfast, Ireland.  The facsimile indicated that Defendant Browne was convicted and sentenced on April 24, 1986 for Murder (life imprisonment), Hijacking (ten years), Membership in the Provisional Irish Republican Army (PIRA) (ten years), and Possession of Firearms (14 years).  The American Consulate in Belfast, Ireland also reported that Defendant Browne was released on life license, but could not provide a release date.

Question (B) on the reverse side of form I-94W executed by Defendant Browne asked the applicant for admission, "Have you ever been arrested or convicted for an offense or crime involving moral turpitude or a violation related to a controlled substance; or been arrested or convicted for two or more offenses for which the aggregate sentence to confinement was five years or more; or been a controlled substance trafficker; or are you seeking to engage in criminal or immoral activities?"  Defendant Browne's Form I-94W responded "NO" to question (B).

On or about November 13, 2003, Defendant McCafferty filled out the I-94W form for himself, Defendants Browne, Curtis and their travelling companions.  Defendant Browne then certified by his signature that he read and understood all the questions and statements on this form.  Defendant Browne also affirmed by his signature that all the answers he furnished were true and correct to the best of his knowledge and belief.

### B.   Curtis's and McCafferty's Inspections

Upon his arrival at Logan International Airport on November 13, 2003, Defendant Curtis presented to Inspectors of the BCBP, an Irish passport (#R920297) bearing the name of David Carwyn Curtis, and an I-94W Nonimmigrant Visa Waiver Arrival/Departure Form (#01407356611) bearing the name David Curtis.  At approximately the same time, Defendant McCafferty presented to an Inspector of the BCBP, an Irish passport (#T006984) bearing the name of Damien Martin McCafferty, and an I-94W Nonimmigrant Visa Waiver Arrival/Departure Form (#01407346511) bearing the same name.

On or about November 13, 2003, Defendants McCafferty's and Curtis's biographical information was entered into the IBIS. Defendant McCafferty's information was entered under the alias name of "Dameon McCafferty."  No derogatory information was found in IBIS pertaining to Defendant Curtis, or pertaining to Defendant McCafferty under the spelling Dameon McCafferty. Defendants McCafferty and Curtis were each admitted until February 12, 2004 as visitors for pleasure under the Visa Waiver Pilot Program.

### C.   Curtis's and McCafferty's Arrests

On or about November 17, 2003, Special Agent Gregory C. Navano of Immigration and Customs Enforcement reviewed the flight manifest for British Airways Flight 215 in the IBIS system.

-6-

Defendant McCafferty's first name was spelled "Dameon" rather than the way his name is spelled on his Irish Passport (Damien). Special Agent Nevano queried Defendant McCafferty's name as it appears on his passport, resulting in a positive match in the NAILS under lookout record number MCC09136801.  The lookout indicated that Defendant McCafferty has a previous criminal record, consisting of prior convictions for forgery, deception and traffic offenses.

Also on November 17, 2003, Defendants McCafferty and Curtis voluntarily appeared at ICE office at the John F. Kennedy Federal Building in Boston, Massachusetts.  Defendant McCafferty originally spoke to Supervisory Special Agent Kevin W. Jarvis in the hallway on the seventeenth floor of the John F. Kennedy Federal Building.  Defendant McCafferty admitted to Supervisory Special Agent Jarvis that both he and David Curtis had criminal convictions on their records.  Supervisory Special Agent Jarvis advised Defendant McCafferty that he did not have to talk about this matter until he was brought inside the ICE office and questioned formally.  Once inside the ICE office, after having Miranda warnings provided by Special Agent Nevano, which warnings Defendant McCafferty refused to sign, Defendant McCafferty voluntarily admitted that he had previously been arrested and served six months in jail.

Defendant McCafferty further voluntarily stated that he

-7-

checked the "NO" box in response to question (B) on his own I-94W
form and on the I-94W forms of Donald Oliver Browne, John Grant
and William Grant.  Upon completion of the I-94W forms, Defendant
McCafferty gave them to his three friends and each one signed his
own form.  Further, Defendant McCafferty instucted Defendant
David Carwyn Curtis to fill out his Form I-94W so that he
responded "No" to question (B).  Curtis filled out and executed
the form as instructed by McCafferty.

On November 17, 2003 at 2:10 p.m., Defendant Curtis was
provided with Form I-214, Warning as to Rights, which Defendant
Curtis signed, along with the waiver portion of Form I-214
stating he was willing to make a statement.  Defendant Curtis
stated that he had been convicted in the Reading Crown Court in
Berkshire, England on January 31, 1997 of attempted murder, and
was sentenced to imprisonment for 13 years.  Defendant Curtis
stated that he was released on August 13, 2003, and is currently
on probation in Derry City, Northern Ireland.  Defendant Curtis
acknowledged that his answer to Question (B) on the reverse side
of the Form I-94W was false.

III.  **GUIDELINE CALCULATIONS**

### A.  Base Offense Level

U.S.S.G. §2L1.2 is the applicable guideline provision for
the case, because the gravamen of each of the § 1546(a) offenses
is an illegal entry or attempted entry into the United States.

That guideline provides for an initial base offense level ("BOL") of 8.[1]  No specific offense characteristics are applicable to any of the Defendants on the facts of this case.  Each defendant is entitled to a two-level reduction of his BOL under U.S.S.G. §3E1.1(a) to reflect his timely acceptance of responsibility. Accordingly, each defendant's adjusted BOL is 6.

### B.   Criminal History

None of the defendants has any prior criminal history in the United States.  Foreign convictions are not counted, pursuant to U.S.S.G. §4A1.2(h), and the parties do not press an adjustment to the criminal history category of any defendant pursuant to §41.3. Thus, none of the defendants has any criminal history points total, and the criminal history category of each is I.

### C.   Guideline Sentencing Range and Recommendation

Each defendant's guideline sentencing range is 0-6 months. Defendant Browne was taken into immigration custody November 13, 2003, and charged by complaint in this Court on November 14, 2003.  Defendants Curtis and McCafferty were taken into immigration custody November 17, 2003, and were charged by complaint in this Court on November 18, 2003.  The joint recommendation of the parties is that the Court sentence each

---

[1]      The same base offense level would apply if the Court were to use §2L2.2, which covers use of false citizenship, naturalization or legal resident status; false personation or fraudulent marriage to evade immigration law; and fraudulent acquisition or use of a United States passport.

defendant to a period in the custody of the Attorney General at
the low-end of the applicable guideline sentencing range, that is
the time which will have been served in pre-trial custody as of
the time of his arraignment, change of plea and sentencing.
Thus, the recommended period of time served: 1) as to Defendant
Browne is fourteen days (November 13-26, 2003); 2) as to
Defendant Curtis is ten days (November 17-26, 2003), and 3) as to
Defendant McCafferty is also ten days (November 17-26, 2003).
The parties further recommend that, as to each defendant, such
period of incarceration be followed by three years supervised
release, no fine, and a $100 special assessment.

Respectfully submitted,               Respectfully submitted,
DONALD OLIVER BROWNE                   MICHAEL J. SULLIVAN
By his attorney,                       United States Attorney

PAUL F. ZEROLA, ESQ.                   GREGORY MOFFATT
Joyce, Rubin & Zerola, P.C.            Assistant U.S. Attorney
205 Portland Street                    617-748-3370
Boston, MA 02114
617-523-1500


Respectfully submitted,               Respectfully submitted,
DAVID CARWYN CURTIS                    DAMIEN MARTIN McCAFFERTY
By his attorney,                       By his attorney,

WILLIAM P. JOYCE, ESQ.                 STEPHANIE DYSON
Joyce, Rubin & Zerola, P.C.            Joyce, Rubin & Zerola, P.C.
205 Portland Street                    205 Portland Street
Boston, MA 02114                       Boston, MA 02114
617-523-1500                           617-523-1500


DATE:  November 24, 2003


-10-